UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| TAMMY W.,[1] | : | Case No. 2:23-cv-1196 |
| | : | |
| Plaintiff, | : | Magistrate Judge Peter B. Silvain, Jr. |
| | : | (by full consent of the parties) |
| vs. | : | |
| | : | |
| COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION, | : | |
| | : | |
| | : | |
| Defendant. | : | |

**DECISION AND ENTRY**

Plaintiff Tammy W. brings this case challenging the Social Security Administration's denial of her applications for Disability Insurance Benefits and Supplemental Security Income. The case is before the Court upon Plaintiff's Statement of Errors (Doc. #8), the Commissioner's Memorandum in Opposition (Doc. #9), Plaintiff's Reply (Doc. #10), and the administrative record (Doc. #7).

**I.      Background**

The Social Security Administration provides Disability Insurance Benefits and Supplemental Security Income to individuals who are under a "disability," among other eligibility requirements. *Bowen v. City of New York*, 476 U.S. 467, 470 (1986); *see* 42 U.S.C. §§ 423(a)(1), 1382(a).  The term "disability" encompasses "any medically determinable physical or mental

---

[1] The Committee on Court Administration and Case Management of the Judicial Conference of the United States has recommended that, due to significant privacy concerns in social security cases, federal courts should refer to plaintiffs only by their first names and last initials.  *See also* S.D. Ohio General Rule 22-01.

impairment" that precludes an applicant from performing "substantial gainful activity." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A); *see Bowen*, 476 U.S. at 469-70.

In the present case, Plaintiff protectively filed her applications for Disability Insurance Benefits and for Supplemental Security Income in August 2020, alleging disability due to several impairments, including severe Bipolar 1 Disorder, post-traumatic stress syndrome, obsessive compulsive disorder, panic disorder, generalized anxiety disorder, chronic obstructive pulmonary disease, hypoxemia, cervical disc disease, lumbar radiculopathy, and myofascial pain. (Doc. #7-6, *PageID* #254). After Plaintiff's applications were denied initially and upon reconsideration, she requested and received a hearing before Administrative Law Judge (ALJ) Noceeba Southern. Thereafter, the ALJ issued a written decision, addressing each of the five sequential steps set forth in the Social Security Regulations. *See* 20 C.F.R. §§ 404.1520, 416.920.[2] She reached the following main conclusions:

| | | |
|---|---|---|
| Step 1: | | Plaintiff has not engaged in substantial gainful activity since June 1, 2015, the alleged onset date. |
| Step 2: | | She has the following severe impairments: anxiety; bipolar disorder; depression; COPD; cervical and lumbar degenerative disc disease; and obesity. |
| Step 3: | | She does not have an impairment or combination of impairments that meets or medically equals the severity of one in the Commissioner's Listing of Impairments, 20 C.F.R. Part 404, Subpart P, Appendix 1. |
| Step 4: | | Her residual functional capacity (RFC), or the most she could do despite her impairments, *see Howard v. Comm'r of Soc. Sec.*, 276 F.3d 235, 239 (6th Cir. 2002), consists of "light work … except [she] can occasionally climb ramps or stairs; never climb ladders, ropes, or scaffolds; occasionally stoop, kneel, crouch, and crawl; must avoid hazards including moving machinery, heavy machinery, and unprotected heights; and must avoid concentrated |

---

[2] The remaining citations will identify the pertinent Disability Insurance Benefits Regulations with full knowledge of the corresponding Supplemental Security Income Regulations.

> exposure to extreme cold, extreme heat, humidity, fumes, odors, dusts, gases, and other respiratory irritants. She can frequently reach in all directions with the bilateral upper extremities and frequently push/pull and do foot controls with the left lower extremity. Mentally, she is limited to simple, routine tasks, with no fast pace or strict production quotas such as assembly line work; occasional interaction with the public; must avoid customer service positions; occasional, but superficial, interaction with coworkers and supervisors (with 'superficial' defined a[s] that which is beyond the scope of job duties and job performance, for a specific purpose and a short duration); occasional changes and occasional decision making in a static work environment; and changes must be well explained. She would be off task up to 5 minutes every hour, not to exceed 30 minutes of the work day."
>
> She is unable to perform any past relevant work.
>
> Step 5: Considering her age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that Plaintiff can perform.

(Doc. #7-2, *PageID* #s 53-65). Based on these findings, the ALJ concluded that Plaintiff has not been under a benefits-qualifying disability since June 1, 2015. *Id.* at 65-66.

The evidence of record is adequately summarized in the ALJ's decision (Doc. #7-2, *PageID* #s 51-66), Plaintiff's Statement of Errors (Doc. #8), the Commissioner's Memorandum in Opposition (Doc. #9), and Plaintiff's Reply (Doc. #10). To the extent that additional facts are relevant, they will be summarized in the discussion section below.

## II. Standard of Review

Judicial review of an ALJ's decision is limited to whether the ALJ's finding are supported by substantial evidence and whether the ALJ applied the correct legal standards. *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009) (citing *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997)); *see Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 745-46 (6th Cir. 2007). Substantial evidence is such "relevant evidence that a reasonable mind might accept as adequate

3

to support a conclusion." *Gentry v. Comm'r of Soc. Sec.*, 741 F.3d 708, 722 (6th Cir. 2014) (citing *Rogers v. Comm'r of Soc. Sec.,* 486 F.3d 234, 241 (6th Cir. 2007)). It is "less than a preponderance but more than a scintilla." *Id.*

The second judicial inquiry—reviewing the correctness of the ALJ's legal analysis—may result in reversal even if the ALJ's decision is supported by substantial evidence in the record. *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009). Under this review, "a decision of the Commissioner will not be upheld where the [Social Security Administration] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives [Plaintiff] of a substantial right." *Bowen*, 478 F.3d at 746 (citing *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 546-47 (6th Cir. 2004)).

### III. Discussion

Plaintiff argues that, "[t]he ALJ included arbitrary and unsupported limitations in the RFC making it impossible to trace the ALJ's reasoning." (Doc. #8, *PageID* #s 928-34). Specifically, Plaintiff contends that the ALJ's definition of "superficial" failed to properly reflect the superficial interaction limitation assessed by the state agency psychologists, David Dietz, Ph.D., and Jennifer Whatley, Ph.D. *Id.* at 929-32. Additionally, Plaintiff contends that the ALJ "erred by neither citing evidence nor providing an explanation to show how she concluded that [Plaintiff]'s impairments would limit her specifically to spending five minutes off task each hour in the workplace." *Id.* at 933.

The Commissioner maintains that the ALJ's decision shows that she properly discharged her exclusive role in assessing Plaintiff's RFC based on the specific evidence in the record and

4

properly restricted Plaintiff to a reduced range of light work with the limitations. (Doc. #9, *PageID* #s 944-53).

An individual's RFC "is the most [she] can still do despite [her] limitations." 20 C.F.R. § 404.1545(a)(1). While medical source opinions are considered, the final responsibility for deciding the RFC is reserved to the Commissioner. *See* 20 C.F.R. § 404.1527(d); *Coldiron v. Comm'r of Soc. Sec.*, 391 F. App'x 435, 439 (6th Cir. 2010) ("The Social Security Act instructs that the ALJ—not a physician—ultimately determines a claimant's RFC."). As such, the ALJ bears the responsibility for assessing an individual's RFC based on all the relevant evidence, 20 C.F.R. § 404.1546(c), and must consider all of an individual's medically determinable impairments, both individually and in combination. *See* Soc. Sec. R. 96-8p, 1996 WL 374184, *7 (Soc. Sec. Admin. July 2, 1996).

In rendering the RFC determination, the ALJ need not discuss every piece of evidence considered. *See Conner v. Comm'r*, 658 F. App'x 248, 254 (6th Cir. 2016) (citing *Thacker v. Comm'r*, 99 F. App'x 661, 665 (6th Cir. May 21, 2004). However, the ALJ still has an obligation to consider all of the evidence before her and to meaningfully explain how the evidence supports each conclusion and limitation included in the RFC. *See Ryan v. Comm'r of Soc. Sec.*, 307 F. Supp. 3d 797, 803 (S.D. Ohio 2017) (Newman, M.J.), *report and recommendation adopted*, No. 3:16-CV-124, 2017 WL 3412107 (S.D. Ohio Aug. 8, 2017) (Rice, D.J.); Soc. Sec. R. 96-8p, 1996 WL 374184, *7 ("The RFC assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts … and nonmedical evidence…"). Further, the ALJ may not simply ignore evidence that does not support her decision. *See e.g., Germany–Johnson v. Comm'r of Soc. Sec.*, 313 F. App'x 771, 777 (6th Cir. 2008) (finding error

where the ALJ was "selective in parsing the various medical reports"); *Ackles v. Colvin*, No. 3:14CV00249, 2015 WL 1757474, at *6 (S.D. Ohio Apr. 17, 2015) (Ovington, M.J.), *report and recommendation adopted*, No. 3:14CV00249, 2015 WL 2142396 (S.D. Ohio May 6, 2015) (Rice, D.J.) ("The ALJ did not mention this objective evidence and erred by selectively including only the portions of the medical evidence that placed Plaintiff in a capable light.").

Here, in formulating Plaintiff's mental RFC, the ALJ considered the medical opinion evidence of record and found the opinions of the state agency consulting psychologists, David Dietz, Ph.D., and Jennifer Whatley, Ph.D., to be persuasive overall regarding Plaintiff's mental impairments. (Doc. #7-2, *PageID* #63). Dr. Dietz, who reviewed Plaintiff's claim at the initial level, opined that Plaintiff's depressive and anxiety disorders caused her to have moderate limitations in her ability to interact with others. (Doc. #7-3, *PageID* #101). Dr. Dietz found that Plaintiff could complete simple and routine 3-4 step work-related tasks in an environment with flexible production standards. *Id.* at 105. He also opined that Plaintiff was not suited for work with direct contact with customers or the general public, and that she was capable of engaging in superficial interaction with her bosses and familiar coworkers. *Id.* Dr. Deitz indicated that Plaintiff could function at a job where day to day duties were consistent and major changes were explained. *Id.* at 106. On reconsideration, Dr. Whatley adopted the same social functional limitations as Dr. Dietz. *Id.* at 128-29.

In reviewing these opinions, the ALJ found that the state agency consulting psychologists' opinions "[were] generally supported by the bulk of the objective medical evidence in the record, which show[ed] some mental symptoms upon examination including some memory issues, concentration issues, interaction issues, and stress management issues, along with a history of

complaints of depression and anxiety." (Doc. #7-2, *PageID* #63). The ALJ found the mental opinions "persuasive overall," noting she "had assessed similar functional limitations, while adjusting and defining some of the language therein to remain compliant with the Act." *Id.* The ALJ also added an off-task limitation to the RFC to "account fully for the combination of the Plaintiff's breathing, pain, and mental issues." *Id.*

### A. Superficial Definition

In her first assignment of error, Plaintiff argues that the ALJ's definition of "superficial" as "that which is beyond the scope of job duties and job performance, for a specific purpose and a short duration" is arbitrary and unsupported, making it impossible to trace the ALJ's reasoning in crafting the RFC and therefore requiring remand. (Doc. #8, *PageID* #s 928-32). The Commissioner contends that it was "well-within the ALJ's authority to define 'superficial' in vocationally-relevant terms" and that the ALJ properly identified substantial evidence supporting the limitation and explained her reasoning. (Doc. #9, *PageID* #s 951-52). For the following reasons, Plaintiff's first assignment of error is not well-taken.

Notably, Plaintiff seems to make two contradictory arguments within her first assignment of error. First, she argues that the ALJ's definition of "superficial" impermissibly deviated from the Agency's definition of the term. (Doc. #8, *PageID* #932). Second, Plaintiff contends that there is no Agency definition of "superficial," which made "the ALJ's decision to unilaterally define [the term] … arbitrary [and] capricious." *Id*. While Plaintiff appears to make impermissible contradictory statements regarding the status of a "superficial" definition, the Court will address both arguments as if they were made in the alternative, for both prove unavailing.

Initially, Plaintiff's argument that the ALJ's definition of "superficial" is "inconsistent with the Agency's own definition of the term" lacks merit. *See* Doc. #8, *PageID* #929. As Plaintiff's counsel acknowledges, "there [is] no definition of the term superficial. There [is] no rule or regulation that address[es] the term. The term is not defined by the Dictionary of Occupational Titles (DOT) or the Selected Characteristics of Occupations (SCO)." *Id*. at 932; *see also Stoodt v. Comm'r of Soc. Sec.*, No. 3:20-cv-2370, 2022 WL 721455, at *16 (N.D. Ohio Jan. 13, 2022). Despite this, Plaintiff argues that an Appeals Council Order (in an entirely separate case, in a different judicial district, involving a different Plaintiff), where the Council defined "superficial" as "shallow or cursory interactions with others" is a de facto binding definition of "superficial" in all other cases. (Doc. #8, *PageID* #929); (Doc. #8-1, *PageID* #939). However, there is no support for this legal assertion, as courts in this district have held that "a single Appeals Council order in an unrelated case is not binding on the Commissioner and has no precedential value beyond the case in which it was entered." *Stephen D. v. Comm'r of Soc. Sec.*, No. 1:21-CV-00746, 2023 WL 4991918, at *14 (S.D. Ohio Aug. 4, 2023) (Bowman, M.J.), *report and recommendation adopted*, No. 1:21-CV-746, 2024 WL 2204735 (S.D. Ohio May 16, 2024) (Cole, D.J.). Therefore, contrary to Plaintiff's assertion, the ALJ in this case was not bound by the Appeals Council's definition of the term "superficial" from an entirely unrelated case.

Furthermore, Plaintiff's argument that the ALJ's definition of "superficial" is arbitrary and capricious, requiring remand, is similarly unpersuasive. As the Commissioner correctly points out, the ALJ ultimately "has the authority as a decision maker to craft an RFC that is tailored to the specific evidence in the record." (Doc. #9, *PageID* #947); *see* 20 C.F.R. § 404.1527(d); *Coldiron*, 391 F. App'x at 439 ("The Social Security Act instructs that the ALJ—not a physician—

8

ultimately determines a claimant's RFC."). If the ALJ's RFC is supported by substantial evidence and sufficiently explained by the ALJ, this Court must affirm the ALJ's decision.

Substantial evidence supports the ALJ's "superficial" interaction limitation in Plaintiff's RFC. After she found the state agency physicians' opinions "persuasive overall" and "generally supported by the bulk of the objective medical evidence in the record," the ALJ included the superficial interaction limitation in Plaintiff's RFC, in accordance with both physicians' opinions. (Doc. #7-2, *PageID* #63) (citing Doc. #7-3, *PageID* #s 105, 129). The ALJ indicated that she assessed similar functional limitations to the state agency physicians, who had found Plaintiff moderately limited in the ability to accept instructions and respond appropriately to criticism from supervisors and in the ability to get along with coworkers or peers without distracting them or exhibiting behavioral extremes. (Doc. #7-2, *PageID* #63) (citing Doc. #7-3, *PageID* #s 105, 129).

Plaintiff argues that the ALJ's definition of "superficial" did not reflect the state agency physicians' intended "superficial" interaction limitation, therefore rendering the ALJ's definition "arbitrary and capricious." [3] However, the state agency physicians' opinions do not include *any* definition for "superficial" interaction. (Doc. #8, *PageID* #930). Courts have concluded substantial evidence supports an ALJ's definition of "superficial" when it is not contradicted by any opinion evidence in the record. (Doc. #8, *PageID* #929); *Richard S. v. Comm'r of Soc. Sec.*, No. 2:22-CV-2176, 2023 WL 2805347, at *15 (S.D. Ohio Apr. 6, 2023) (Litkovitz, M.J.), *report*

---

[3] In this contention, Plaintiff's arguments seem to be contradictory. Plaintiff asserts that the state agency physicians' "superficial" interaction limitation was bound by, and therefore, defined by the Appeals Council Order addressed above, thereby rendering the ALJ's "superficial" definition less restrictive than the stage agency physicians' superficial interaction limitation. (Doc. #8, *PageID* #930). However, Plaintiff also contends that the ALJ's translation of the state agency physicians' superficial interaction limitation into her "superficial" definition was "arbitrary and capricious." *Id.* at 930, 932. As the Court has already addressed that the Appeals Council Order from an unrelated case is not binding upon the ALJ, the Court will now address Plaintiff's arbitrary and capricious argument.

*and recommendation adopted*, No. 2:22-CV-2176, 2023 WL 6318135 (S.D. Ohio Sept. 28, 2023) (Sargus, D.J.). Here, the ALJ incorporated the physicians' opined social interaction limitations in her "superficial" definition and pointed to record evidence in support of that limitation, without any contradicting opinion evidence. Additionally, the ALJ's hypothetical questions to the vocational expert incorporated her "superficial" definition, which the vocational expert relied upon in testifying there were jobs within the national economy that Plaintiff could perform, another indication of substantial evidence supporting the ALJ's RFC. (Doc. #7-2, *PageID* #91); *see Paul S. v. Comm'r of Soc. Sec.*, No. 2:22-CV-4090, 2023 WL 6389428, at *6 (S.D. Ohio Oct. 2, 2023) (Litkovitz, M.J.), *report and recommendation adopted*, No. 2:22-CV-4090, 2023 WL 7002734 (S.D. Ohio Oct. 24, 2023) (Morrison, D.J.).

Addressing Plaintiff's argument that the ALJ impermissibly erred by not further explaining her definition of "superficial," other courts in this district have found that, rather than requiring the ALJ to explain her definition of superficial itself, as long as the ALJ "explain[ed] why [s]he determined that [Plaintiff] was limited to superficial contact as [s]he defined it … it is sufficient that the record not be clearly contrary to that definition." *Richard S. v. Comm'r of Soc. Sec.*, No. 2:22-CV-2176, 2023 WL 2805347, at *15 (S.D. Ohio Apr. 6, 2023) (Litkovitz, M.J.), *report and recommendation adopted*, No. 2:22-CV-2176, 2023 WL 6318135 (S.D. Ohio Sept. 28, 2023) (Sargus, D.J.) (citing *Betz v. Comm'r of Soc. Sec.*, No. 3:21-cv-2408, 2022 WL 17717496, *11 (N.D. Ohio Nov. 8, 2022)). The ALJ indicated that she incorporated the state agency physicians' mental opinions to address Plaintiff's "memory issues, concentration issues, interaction issues, and stress management issues, along with a history of complaints of depression and anxiety." (Doc. #7-2, *PageID* #63). The ALJ's definition of "superficial" as "that which is beyond the scope of

10

job duties and job performance, for a specific purpose and a short duration" is not clearly contrary to either the state agency physicians' mental opinions requiring superficial interactions with supervisors and coworkers, or to Plaintiff's difficulties with "relating positively to others in the workplace" as noted in Plaintiff's psychological evaluation by Taylor S. Groneck, Psy. D. (Doc. #7-2, *PageID* #s 57, 63) (citing Doc. #7-7, *PageID* 681). Plaintiff has not pointed to any opinion or record evidence that clearly contradicts the ALJ's definition of "superficial."

Therefore, Plaintiff's first assignment of error is not well-taken.

B. Off-Task Limitation

Plaintiff argues that the ALJ "erred by neither citing evidence nor providing an explanation to show how she concluded that [Plaintiff]'s impairments would limit her specifically to spending five minutes off task each hour in the workplace." (Doc. #8, *PageID* #933). She contends that, by not specifically explaining why the ALJ included an off-task limitation, the ALJ's reasoning cannot be understood by later reviewers, and later reviewers cannot determine "how this limitation appropriately accounts for [Plaintiff's] impairments," leading to reversible error. *Id*. The Commissioner maintains that the ALJ did sufficiently explain her reasoning for the off-task limitation and that her determination was supported by substantial evidence. (Doc. #9, *PageID* #952).

Plaintiff's second assignment of error is not well-taken. First, no medical opinion found that Plaintiff required an off-task limitation whatsoever, meaning the ALJ's off-task limitation was a further limitation than found within the record. *See Vititoe v. Comm'r of Soc. Sec.*, No. 2:20-CV-5519, 2021 WL 4397868, at *4 (S.D. Ohio Sept. 27, 2021) (Vascura, M.J.), *report and recommendation adopted*, No. 2:20-CV-5519, 2021 WL 4774938 (S.D. Ohio Oct. 13, 2021)

11

(Morrison, D.J.). Furthermore, as Plaintiff acknowledged, the ALJ did explain her reasoning for including an off-task limitation, both for a "combination of [Plaintiff's] breathing, pain, and mental issues" and to "partly account for the tendency to be overwhelmed, finding that this is the most appropriate way to consider these problems." (Doc. #8, *PageID* #933) (citing Doc. #7-2, *PageID* #63).

Additionally, the ALJ explained that the off-task limitation accounted for Plaintiff's subjective complaint of shutting down when overwhelmed and similar finding within Dr. Groneck's examination. (Doc. #7-2, *PageID* #s 58,63). The fact that the ALJ did not specifically explain why she chose five minutes off-task for every hour as the duration of her off-task limitation does not outweigh the fact that she explained and supported the inclusion of it within Plaintiff's mental RFC. *See Burton v. Comm'r of Soc. Sec.,* No. 3:19-CV-313, 2021 WL 388768, at *4 (S.D. Ohio Feb. 4, 2021) (Ovington, M.J.), *report and recommendation adopted*, No. 3:19-CV-313, 2021 WL 2186451 (S.D. Ohio May 28, 2021) (Newman, D.J.) (finding that the ALJ's "meaningful assessment of Plaintiff's impairments that may affect her ability to remain on task" was sufficient, even if the ALJ "did not specifically justify this time-off-task range.").

Finally, Plaintiff does not point to unassessed evidence within the record or make argument as to what limitation would better account for Plaintiff's concentration limitations. *See* 20 C.F.R. § 404.1512 (explaining Plaintiff has the evidentiary burden of proof in the case); *Hoffman-Shaw v. Comm'r of Soc. Sec.*, No. 2:18-CV-836, 2019 WL 1986521, at *10 (S.D. Ohio May 6, 2019) (Vascura, M.J.), *report and recommendation adopted*, No. 2:18-CV-836, 2019 WL 2617561 (S.D. Ohio June 26, 2019) (Morrison, D.J.) (finding no error in the ALJ's RFC assessment when Plaintiff failed to "point to any evidence that would support additional RFC restrictions."). While Plaintiff

12

pointed to Dr. Groneck's examination indicating Plaintiff would "likely become tearful and shut down" when overwhelmed as evidence, the ALJ referenced this exact finding when explaining her off-task limitation. (Doc. #8, *PageID* #933); (Doc. 7-2, *PageID* #63).  Therefore, under the substantial evidence standard, this Court cannot search for evidence of a more restrictive limitation when the ALJ sufficiently explained and supported her off-task limitation with substantial evidence.  *See Blakely*, 581 F.3d at 407.

For these reasons, Plaintiff's second assignment of error is not well-taken.

**IT IS THEREFORE ORDERED THAT:**

1. Plaintiff's Statement of Errors (Doc. #8) is **OVERRULED;**

2. The Commissioner's non-disability determination is **AFFIRMED**; and

3. The case is terminated on the docket of this Court.


September 25, 2024                                        *s/Peter B. Silvain, Jr.*
                                                                                Peter B. Silvain, Jr.
                                                                                United States Magistrate Judge